IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON,<br><br>                Petitioner,<br><br>vs.<br><br>BRAD JOHNSON,<br><br>                Respondent. | **8:19CV42**<br><br>**MEMORANDUM AND ORDER** |

This matter is before me on initial review of Petitioner Eric M. Robinson's ("Robinson") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing No. 1.) For purposes of this initial review, I will consider the various supplemental materials filed by Robinson as part of the petition, and I take judicial notice of the records in Robinson's other cases filed in this court. (*See* Filing Nos. 9, 10, 11, 13, 14, 15, 16, 17, 18, 21, 22, 23, 25, & 26.) For the reasons discussed below, I will dismiss Robinson's petition without prejudice.

Robinson filed his petition on January 29, 2019, "present[ing] new pre-trial CR18-10183/CR18-1107 matters of due process of law obstructions worthy of a new action under 28 USC 2241, due to the obstructions egregious misuse of § 29-1823 in 29-1207 speedy trial matters, afflicted by a 29-2807 terminated office from the court." (Filing No. 1 at CM/ECF pp. 1–2.) Robinson filed an earlier § 2241 habeas petition in this court challenging the same underlying state court action in Case No. 4:18CV3154. Indeed, Robinson's pleadings indicate he filed the present petition due to my admonishment in 4:18CV3154 to Robinson to refrain from filing any supplemental materials without leave of the court until I had conducted a preliminary

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

review of his petition. (Filing No. 13 at CM/ECF p. 2; *see also* Filing No. 9 at CM/ECF p. 2, Case No. 4:18CV3154.) Thus, this present petition challenges the same pending state criminal case at issue in 4:18CV3154 where Robinson has been charged with possession of burglar's tools and possession of a controlled substance.[2] I dismissed Robinson's petition in 4:18CV3154 without prejudice concluding that Robinson had failed to establish any "special" or "extraordinary" circumstances that warranted this court's intervention in ongoing state court criminal proceedings. (Filing Nos. 14 & 15, Case No. 4:18CV3154.)

Here, Robinson's petition and accompanying supplemental materials consist of over 1000 pages. Liberally construed, condensed and summarized, Robinson claims that he has been denied his right to a speedy trial as set forth in Neb. Rev. Stat. § 29-1207 in violation of due process because the state district court judge presiding over his criminal case, Judge Lori Maret, ordered that he undergo a competency evaluation even though she is not authorized to do so under Neb. Rev. Stat. § 29-1823.[3] (*See, e.g.*, Filing No. 1 at CM/ECF pp. 4–6, 20–21; Filing No. 9 at CM/ECF p. 11; Filing No. 10 at CM/ECF pp. 2–3.) As his state court records show,

---

[2] I take judicial notice of the state county and district court records related to this case in *State v. Robinson*, No. CR18-10183, County Court of Lancaster County, Nebraska, and No. CR18-1107, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[3] Neb. Rev. Stat. § 29-1823 provides in relevant part:

> (1) If at any time prior to trial it appears that the accused has become mentally incompetent to stand trial, such disability may be called to the attention of the district or county court by the county attorney or city attorney, by the accused, or by any person for the accused. The judge of the district or county court of the county where the accused is to be tried shall have the authority to determine whether or not the accused is competent to stand trial. The judge may also cause such medical, psychiatric, or psychological examination of the accused to be made as he or she deems warranted and hold such hearing as he or she deems necessary. . . .

2

and as he acknowledges in his pleadings, Robinson was found competent to stand trial on June 18, 2019. (Filing No. 25 at CM/ECF p. 7.)

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Robinson is involved with ongoing state court criminal proceedings and his claims only raise issues of state law. "Errors of state law do not provide a basis for federal habeas corpus relief." *Stewart v. Nix*, 972 F.2d 967, 970 (8th Cir. 1992). Moreover, his allegations and his state court records do not show that he exhausted his state court remedies. Robinson may assert his speedy trial rights under Nebraska law by filing a motion for discharge in the state trial court prior to trial. *See* Neb. Rev. Stat. § 29–1209 ("Failure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial."); *State v. Burton*, 282 Neb. 135, 140, 802 N.W.2d 127, 132–33 (2011) ("[A] defendant waives any objection on the basis of a violation of the right to a speedy trial when he or she does not file a motion to discharge before trial begins."). I further find that Robinson's assertions do not constitute "special" or "extraordinary" circumstances that require

3

intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion); *Duffy v. Brown Cty., S.D.*, No. CIV 11-1038, 2012 WL 252641, at *10 (D.S.D. Jan. 25, 2012) (concluding petitioner did not present exceptional circumstances to warrant habeas relief where petitioner alleged violation of South Dakota's 180-day speedy trial rule). Because it "plainly appears from the petition . . . that [Robinson] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Robinson must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Robinson is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) (and any amendments or supplements thereto) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Robinson's pending motions (filing nos. 14, 16, 17, 18, 22, 23, 24, 25, & 26) are denied as moot.

3. The court will enter judgment by separate document.

Dated this 2nd day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge